HORACE G. PITKIN, Plaintiff in Error, v. WILLIAM LLOYD, Defendant in Error.

**St. Louis Court of Appeals, December 8, 1891.**

**Landlord and Tenant : NOTICE TO QUIT.** A notice from a tenant to his landlord that he will terminate the tenancy and surrender the possession of the rented premises " about January 10 or 15, 1890," does not, even when the landlord accepts and acts on the notice, and is willing to waive any right of objection thereto, operate as a termination of the tenancy on January 15, 1890, so as to subject the tenant under the statute ( R. S. 1889, sec. 6365 ) to double rent from that date for holding over subsequently thereto.

*Error to the Scotland Circuit Court.*—HON. BEN E. TURNER, Judge.

AFFIRMED.

*Smoot & Pettingill*, for plaintiff in error.

( 1 )  The notice given by defendant to plaintiff, if accepted and acted upon, was sufficient to terminate the tendency and make defendant liable for double rent. *Drey v. Doyle*, 99 Mo. 459 ; Smith's Landlord & Tenant, p. 238, and notes ; Wood, Landlord & Tenant, sec. 558. ( 2 )  A tenant is liable for double rent for the time he holds over after expiration of notice. R. S., sec. 6365. ( 3 )  There was no evidence justifying the giving of the instructions asked by the defendant, of which we complain.

No brief for defendant in error.

THOMPSON, J.—This action was commenced before a justice of the peace, to recover a balance alleged to be due from the defendant to the plaintiff for the rent of certain premises ; also to recover a sum claimed to be due as double rent under section 6365 of the Revised

Statutes of 1889, while the defendant was holding over after the expiration of a period at which he had notified the plaintiff that he would quit the premises, and also to recover damages for the injury of the premises. Before the commencement of the action, as the defendant's evidence tends to show, he tendered to the plaintiff the sum of $69.90, the same being the amount due to the defendant when he vacated the premises, computing the rent as single rent, and making no allowance for damages to the premises. This tender was made, according to the defendant's evidence, in the form of a check (in which form the defendant had been in the habit of paying the rent to the plaintiff), but the plaintiff refused to receive it on the sole ground that the amount was inadequate. Thereupon the defendant paid the money to the constable.

A trial before a jury in the circuit court resulted in a verdict for the plaintiff for the amount so tendered, upon which the court entered judgment for the plaintiff for that amount, but in the defendant's favor for the costs. From the judgment so entered the plaintiff prosecutes this writ of error.

The evidence showed that on December 9, 1889, the defendant delivered personally to the plaintiff the following notice, which the plaintiff accepted without objection.

"MEMPHIS, Mo., December 9, 1889.

"*H. G. Pitkin:*

"We expect to give you the possession of the room we now occupy about January 10, or 15, 1890, without you should agree to let Mrs. Browning and her son Frank still remain in the room, which we rented to to them, consequently releasing us. Yours,

"MRS. S. A. JEWETT & SON."

The evidence also showed that the plaintiff accepted this notice without objection and immediately set about

to get other tenants. He refused to accept Mrs. Browning as his tenant, unless she would pay the rent to him in advance, which she did, and thereupon he accepted her as his tenant.

The only assignment of error, which is argued by the plaintiff in error, consists of the action of the trial court in refusing the following instruction: "If the jury believe from the evidence in the cause, that, on the ninth day of December, A. D. 1889, the defendant gave to the plaintiff the notice introduced in evidence, and that the plaintiff accepted and acted on the same and made no objection to its form, then the defendant is bound by said notice ; and if the jury believe from the evidence in the cause that defendant did not vacate said premises on the fifteenth day of January, A. D. 1890, the time specified in said notice, but held over and continued in possession of the same, then the defendant will be liable to the plaintiff for double the rent, contracted to be paid for the premises, for the time he so held over after the expiration of said notice and the jury should so find."

Leaving out of view other considerations, it is plain that no error was committed in refusing this instruction. It construes the notice given by the defendant to the plaintiff ( above quoted ) as a notice of intention on the part of the defendant to give possession of the room on the fifteenth of January, whereas the notice says "*about* January 10 or 15, 1890." The court could not construe these words as fixing a definite date, to-wit, January 15, as the date at which the tenant undertook to quit, for the purpose of letting in the provisions of the penal statute, which must be construed strictly. But it is said that the landlord waived a more definite notice, and, therefore, that it does not lie in the mouth of the tenant to say that it was not definite as to the time when he undertook to quit. But it is difficult to see how the landlord's waiver could operate to change the meaning of the notice, or to put the tenant in a

Pitkin v. Lloyd.

worse position than that in which he placed himself by giving the notice. The words "on or about," which are certainly more definite than the word "about," have been construed, in a contract to deliver goods, to mean *within a reasonable time* after the day named; and it has also been held that what is a reasonable time in such a case is a question of fact for a jury under the circumstances of the case. *Kipp v. Wiles*, 3 Sandf. ( N. Y.) 585, 588. The statute says: "If any tenant shall give notice, in writing, of his intention to quit the premises held by him at a time specified in such notice, and shall not deliver up the possession thereof at such time, such tenant, his executors or administrators shall from thenceforward pay to the landlord, his heirs or assigns double the rent reserved during all the time such tenant shall so continue in possession." R. S. 1889, sec. 6365 ; R. S. 1879, sec. 3072.

Clearly it would be an unwarrantable interpretation of the statute,—it being as already suggested a penal statute, and hence not to be construed loosely,—to hold that the fifteenth of January is "a day *specified*" by the use of the words "about January 10 or 15."

Complaint is also made of the giving of an instruction on the subject of the tender claimed to have been made by the defendant to the plaintiff, on the ground that there was no evidence on which to base it. No argument is offered in support of this assignment of error, and we find, on looking at the testimony, that it is untenable.

The judgment will be affirmed. All the judges concur.